Crew, J.
The pertinent provisions of section ■6921, Revised Statutes, under which section the indictment in this ease was framed, are as follows: “Whoever erects, continues, uses, or maintains, any building, structure, or place for the exercise of any trade, employment or business, * * * which, by occasioning noxious exhalations, or noisome or ■offensive smells, becomes injurious to the health, comfort, or property of individuals, or the public, * * * or corrupts, or renders unwholesome or impure, any watercourse, stream, or water * * * *146 to the injury or prejudice of others, * * * shall be fined not more than five hundred dollars.” By section 6920, Revised Statutes, it is provided that an offense charged under said section 6921, “shall be construed and held to have been committed in any county whose inhabitants are or have been injured or aggrieved thereby. ” It is the contention of plaintiff in error here, that the indictment in this case is insufficient, and that the court of common pleas of Sandusky county was without right or jurisdiction to-try the plaintiff in error thereon, because: 1. It is-claimed that it affirmatively appears from the averments of said indictment, that if any offense was-committed by it, such offense was committed in Seneca, and not in Sandusky, county. 2. That section. 6920, Revised Statutes, which was passed April 22, 1865, is in conflict with and contradicts, section 7263, Revised Statutes, which was passed May 6,1869, and provides that, “All criminal cases shall be tried in the county where the offense was committed,” and therefore, effect must be given to the later enactment. 3. That said section 6920, Revised Statutes,, is unconstitutional and void, and could not operate to give said court jurisdiction of the offense charged,, because, as claimed, the indictment being for an offense committed in Seneca county, said section is-repugnant to, and is in conflict with, that part of section 10, article 1, of the Constitution of Ohio, which ordains that the party accused shall be allowed a trial “by an impartial jury of the county or district, in which the offense is alleged to have been-committed.” These several objections are but different forms of presenting the question of venue and jurisdiction, and we are of the opinion that none of them is well grounded. The fallacy in the first of *147 the above propositions of plaintiff in error, lurks in the premise upon which it is predicated, viz.: that, the offense charged is one committed only and wholly, within the county of Seneca. To give to the averments of this indictment such a construction, is to wholly ignore the particular offense thereby and therein specifically charged. The gravamen of the complaint made in this indictment, is not that the American Strawboard Co. polluted a watercourse known as the Sandusky river; but the gist of the complaint is, that it so corrupted and polluted the same, to the “damage, prejudice and common nuisance of the citizens of Sandusky county.”
While the offense so charged may grow out of, and may result from, an unlawful act of said strawboard company, done or committed in Seneca county, yet the specific crime charged, is consummated, completed and takes effect, only in Sandusky county. Until such consummation, the crime charged was incomplete; and until such time as the rights of the citizens of Sandusky county were actually invaded, the particular crime charged in this indictment was not committed. The crime is deemed to have been committed in the place where the criminal act takes effect. It was said by this court in Robbins v. The State, 8 Ohio St., 166, that “where a criminal act is corñmenced in one county, but consummated in another, the jurisdiction to try the offender is in the county where the criminal act is consummated, or becomes complete.” McClain, in his work on Criminal Law, in discussing the question of venue in cases of criminal nuisance, says, at section 1177: “It is the place where the nuisance is caused, and not the place where the act is done causing the nuisance, that determines the venue.” The doctrine or prin *148 ciple thus announced, by analogy, finds frequent illustration in other cases, especially in cases of homicide.
Robbins v. The State, 8 Ohio St., 131; Simpson v. State, 92 Ga., 41; Commonwealth v. McLoon, 101 Mass., 1; State v. Wyckoff, 31 N. J. Law, 65; 21 Am. & Eng. Ency. Law, 128; State v. Chapin, 17 Ark., 561; Brown on Jurisdiction, sec. 92.
The personal presence of the accused at the place where a crime is committed is not essential to make him liable for its commission. It would seem to be a well settled principle, and an established theory, of the law of criminal procedure, that where one puts in force an agency for the commission of crime he, in legal contemplation, accompanies the same to the point where it becomes effectual. That, in the case at bar, was in Sandusky county. That being the place of consummation of the offense charged, the court of common pleas of that county had jurisdiction. The conclusion thus reached disposes, also, of the second and third contention of plaintiff in error, for having determined that the offense charged in this indictment may rightfully be considered as having been committed in Sandusky county, it follows as a sequence, that section 6920, Revised Statutes, cannot, in this case, be held to conflict with section 7263; neither can it be said to in any manner violate the constitutional guaranty that a person charged with an offense is entitled to be tried therefor in the county in which such offense is alleged to have been committed. Section 6920, Revised Statutes, does not purport to do more than to give to the injured or aggrieved inhabitants of a county the right to institute a prosecution in the county in which such injury or grievance is committed, hence it is but *149 declaratory of the rule of the common law, and in nowise conflicts with section7263, Revised Statutes. But if it should be admitted that section 6920, Revised Statutes, changes the rule of the common law as to jurisdiction, yet we think, that such enactment would be, and was, clearly within the scope, and was but the exercise of, a legitimate legislative power, and is, therefore, constitutional. The sovereign right of a state to enact jurisdictional laws of this kind, though often questioned, has been generally, if not uniformly, sustained; and we have found no case where statutes of this character, when subjected to judicial interpretation, have been held or declared to be unconstitutional.
We find no error in the record in this case, and the judgment of the circuit court is, therefore,

Affirmed.

Spear, C. J., Davis, Shauck, Price and Summers, JJ., concur.